IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH DECKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-01295-JPG |
| | ) |
| ERIC ZABOR, | ) |
| BEN KELLY, | ) |
| C/O MASON, | ) |
| and NEAL ROHLFING, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joseph Decker, who is currently detained at Randolph County Jail ("Jail"), brings this action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). In the Complaint, Plaintiff claims that his constitutional rights were violated when a Waterloo Police Department officer sexually harassed him at Monroe County Jail. (Doc. 1, p. 5). Plaintiff seeks monetary damages against Officer Zabor and several other officials at Monroe County Jail. (Doc. 1, p. 6).

The Complaint is now subject to screening under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint, Plaintiff alleges that he was harassed on a single occasion by Officer Eric Zabor, who is employed by the Waterloo Police Department. (Doc. 1, p. 5). On March 21, 2018, Officer Zabor served Plaintiff with a federal indictment at Monroe County Jail. *Id*. After completing service of the indictment on Plaintiff, Officer Zabor grabbed his own "private area in a very sexual way" and told Plaintiff that he "would be fucking [him] real soon." *Id*. Plaintiff describes Officer Zabor as the "main officer" involved in his case. *Id*. A Waterloo Police Department Citizen's Complaint Form submitted along with the Complaint identifies Officers "Ben" and "Mason" as witnesses to the incident. (Doc. 1, p. 7).

The following day, Plaintiff was given a bond reduction at a hearing in Monroe County. (Doc. 1, p. 8). When he returned to the Jail, Plaintiff learned that State's Attorney Chris Hitzemann had contacted the Jail and instructed the officers "not to let [Plaintiff] make bail" because of a "federal hold." *Id*. The Jail supervisor later informed Plaintiff that there was no federal hold, and he was "free to make bail." *Id*.

Plaintiff now brings a claim against Officer Zabor for sexual harassment and against State's Attorney Hitzemann for unspecified constitutional violations. (Doc. 1, p. 5). He seeks monetary relief that includes reimbursement for the cost of "any medical bills for therapy or counseling." (Doc. 1, p. 6). In the Complaint, he also names three other Monroe County Jail officials as defendants, including C/O Kelly, C/O Mason, and Sheriff Rohlfing. (Doc. 1, p. 1).

## Discussion

The Court deems it appropriate to organize the *pro se* Complaint into the following enumerated count to facilitate the orderly management of future proceedings in this case and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b):

> **Count 1 -** Sexual harassment claim against Defendants arising from Officer Zabor's sexual gesture and threatening comment to Plaintiff at Monroe County Jail on March 21, 2018.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding the merits of the above-referenced claim. **Any claims that are encompassed by the allegations in the Complaint but not identified above are considered dismissed without prejudice from this action for failure to meet the *Twombly* pleading standards.**

### *Bivens* or Section 1983

Plaintiff filed this action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), but the case is likely governed by 42 U.S.C. § 1983. *Bivens* actions are generally brought against *federal* employees. *Id*. Section 1983 governs constitutional claims against persons acting under color of *state* law. *See* 42 U.S.C. § 1983.

Plaintiff brings constitutional claims against officials at a local jail. (Doc. 1). Normally, such claims are governed by § 1983, and this is true even when a plaintiff brings the suit against

local officials for violations of his rights while he is on a federal holdover at a local facility. *See, e.g., Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013) (collecting cases). Although a contract between the federal and local facility can transform a state actor into a federal actor, this is the exception to the rule. Most cases involving an inmate on a federal holdover proceed under § 1983. *See id*. (allowing claim of administrator of estate of federal pretrial detainee to proceed against county and county jail officials under § 1983 after noting that contract between the federal government and county jail that housed federal and nonfederal inmates did not transform the officials into federal actors).

## Applicable Legal Standard

The applicable legal standard for Plaintiff's sexual harassment claim depends on his legal status on the date he was sexually harassed. Different legal standards apply to claims brought by an arrestee (Fourth Amendment), pretrial detainee (Fourteenth Amendment), and prisoner (Eighth Amendment). *See Currie v. Chhabra*, 728 F.3d 626 (7th Cir. 2013). The Complaint suggests that Plaintiff was a pretrial detainee on the date of the alleged harassment.[1]

The Fourteenth Amendment Due Process Clause governs claims of unconstitutional conditions of confinement brought by pretrial detainees. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims brought by convicted prisoners. *Id*. The Seventh Circuit has explained the difference between the applicable legal standards, as follows:

---

[1] Whether Plaintiff was an arrestee, pretrial detainee, or convicted prisoner on March 21, 2018, can be sorted out as the case proceeds. He is not required to plead legal theories at this early stage. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *Aaron v. Mahl*, 550 F.3d 659, 666 (7th Cir. 2008).

4

> [A] pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). In both cases, however, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind.

*Smith*, 803 F.3d at 309. The Seventh Circuit has traditionally applied the same standards to Fourteenth Amendment claims brought by pretrial detainees and Eighth Amendment claims brought by prisoners. *See Smith*, 803 F.3d at 309-10; *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *Ayoubi v. Dart*, No. 17-1662, 2018 WL 1445986, at *3 (7th Cir. March 23, 2018) (unpublished) (Fourteenth Amendment and Eighth Amendment standards are "virtually indistinguishable"). The Court has considered case law in both contexts when analyzing Plaintiff's claim.

**Count 1**

Sexual harassment that involves no physical touching may support a constitutional claim. *See, e.g., Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015). In *Beal*, the Seventh Circuit held that dismissal of an Eighth Amendment claim based on verbal harassment was premature. *Id*. The plaintiff allegedly suffered psychological harm that necessitated mental health treatment, after he was subjected to harassment that was sexual in nature, included physical conduct (but no contact), and arguably placed him in greater danger of assault by other inmates. *Id*. The Court recognized that purely verbal harassment can be just as cruel as physical harassment and added that the alleged pain necessary to sustain a constitutional claim may be physical *or psychological*. *Id*. at 357-58 (emphasis in original).

In this case, Plaintiff focuses on a single incident of purely verbal harassment by Officer Zabor. (Doc. 1, p. 5). He describes no harm—physical or psychological—that resulted from the

harassment. *Id*. The Court notes, however, that Plaintiff seeks damages to cover the cost of therapy or counseling. (Doc. 1, p. 6). This request suggests that Plaintiff suffered from psychological harm. *Id*.

Count 1 shall be dismissed without prejudice against Officer Zabor. However, the dismissal shall be without prejudice, and Plaintiff will be granted leave to file an amended complaint, in order to more fully develop the claim against Officer Zabor by describing the harassment and the physical or psychological harm that resulted. Plaintiff is required to follow the instructions and deadline for amending the complaint, as set forth in the below disposition.

Count 1 shall be dismissed against all other defendants as well. Plaintiff set forth no allegations in his statement of claim against C/O Kelly, C/O Mason, and Sheriff Rohlfing. (Doc. 1, pp. 1, 5). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). When a plaintiff omits a defendant from the statement of his claim, he fails to demonstrate how that defendant was involved in a violation of his constitutional rights. Further, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Plaintiff's omission of Defendants Kelly, Mason, and Rohlfing from the statement of his claim is fatal to the constitutional claims against these defendants,[2] and they shall be dismissed without prejudice from this action.

---

[2] The reference to C/O "Ben" and C/O Mason in the exhibit is insufficient to state a claim against these defendants. (Doc. 1, p. 7). The Court cannot discern how either individual violated Plaintiff's constitutional rights, based on this passing reference to the defendants in an exhibit.

Plaintiff also asserted a separate claim against State's Attorney Hitzemann in the Complaint. (Doc. 1, p. 8). This individual is not named as a defendant in the Complaint or listed as a party to this action. (Doc. 1, pp. 1-2). When individuals are not identified as defendants in the case caption or in the list of defendants, this Court will not treat them as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Any claims against them should be considered dismissed without prejudice. *Id*. Accordingly, all claims against State's Attorney Hitzemann are considered dismissed without prejudice from this action.[3]

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1), including **COUNT 1**, is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **ERIC ZABOR, BEN KELLY, C/O MASON,** and **NEAL ROHLFING** are **DISMISSED** without prejudice because the Complaint fails to state a claim for relief against these defendants.

Plaintiff is **GRANTED** leave to file a First Amended Complaint **on or before August 30, 2018**, if he wishes to pursue his claims in this action. Should Plaintiff fail to file an amended complaint within the allotted time, dismissal of the action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" shall be assessed against Plaintiff. *See* 28 U.S.C. § 1915(g).

---

[3] Further, it appears that this claim is unrelated to the sexual harassment claim against Officer Zabor. If so, the two claims cannot proceed together in the same action. Plaintiff must pursue this claim, if at all, in a separate case. *See* FED. R. CIV. P. 18, 20-21.

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He is encouraged to use this Court's standard civil rights complaint form. He must list this case number (No. 18-cv-01295-JPG) on the first page of the form and label it "First Amended Complaint." The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actor. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* F{ED}. R. C{IV}. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 2, 2018**

                                                          s/J. Phil Gilbert
                                                          **District Judge**
                                                          **United States District Court**