IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH DECKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-01295-JPG |
| | ) |
| ERIC ZABOR, | ) |
| NEAL ROHLFING, | ) |
| MONROE COUNTY, ILLINOIS, | ) |
| and WATERLOO POLICE DEPT., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of the Amended Complaint filed by Plaintiff Joseph Decker. (Doc. 8). Plaintiff brings this action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), based on violations of his constitutional rights at Monroe County Jail ("Jail"). (Doc. 8, p. 6). Plaintiff claims that he was sexually harassed by a Waterloo officer at the Jail. He seeks money damages from the officer, Waterloo Police Department, Monroe County Sheriff, and Monroe County. (Doc. 8, pp. 1, 7).

This case is now before the Court for preliminary review of the Amended Complaint. The Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Amended Complaint**

Plaintiff alleges that he was harassed while being served with a federal indictment by Waterloo Police Officer Eric Zabor at Monroe County Jail on March 21, 2018. (Doc. 1, p. 6). After completing service of the indictment on Plaintiff, Officer Zabor grabbed his own "private area in a sexual way" and told Plaintiff that he "would be fucking [him] real soon." *Id*. This caused Plaintiff to fear for his safety and his family's safety. *Id*. He suffered from nightmares, anxiety, insomnia, and panic attacks and sought treatment with a doctor and therapist. *Id*. He now brings a claim against Officer Zabor for harassment. *Id*. In addition, he names the Monroe County Sheriff, Monroe County, and Waterloo Police Department as "responsible" parties. *Id*.

**Discussion**

In accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the *pro se* Amended Complaint into the following count:

> **Count 1 -** Harassment claim against Defendants arising from Officer Zabor's sexual gesture and threatening comment to Plaintiff at Monroe County Jail on March 21, 2018.

The designation of this count does not constitute an opinion regarding its merits. **Any other claims encompassed by the allegations but not identified above are considered dismissed without prejudice from this action for failure to meet the *Twombly* pleading standards.**

The applicable standard for this claim depends on Plaintiff's legal status on the date he was harassed. Different legal standards apply to claims brought by prisoners (Eighth Amendment) and pretrial detainees (Fourteenth Amendment). *See Currie v. Chhabra*, 728 F.3d 626 (7th Cir. 2013). The Eighth Amendment prohibits the cruel and unusual punishment of prisoners, and this includes the "unnecessary and wanton infliction of pain." *Outlaw v. Newkirk*,

259 F.3d 833, 837 (7th Cir. 2001). The Fourteenth Amendment prohibits all punishment of persons who have not been convicted. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009).

The allegations support a claim against the officer. Generally, "simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the law." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). But verbal harassment can result in psychological pain that amounts to cruel and unusual punishment. *See, e.g., Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015). In *Beal*, the Seventh Circuit recognized that purely verbal harassment can be just as cruel as physical harassment where it results in psychological pain. *Id*. at 357-58 ("[P]hysical injury need not result for the punishment to state a cause of action, for the wanton infliction of psychological pain is also prohibited."). Plaintiff describes significant psychological pain that resulted from a single incident of harassment by Officer Zabor. (Doc. 8, p. 6). The officer's comment, made while serving Plaintiff with a federal indictment, caused Plaintiff to experience fear-induced nightmares, anxiety, and panic attacks that necessitated treatment. *Id*. These allegations satisfy the Eighth Amendment standard and would also clear the less stringent Fourteenth Amendment bar. Accordingly, Count 1 survives preliminary review against Officer Zabor.

Plaintiff also names the Monroe County, Monroe County Sheriff, and Waterloo Police Department as "responsible" defendants, but he develops no claim against them under § 1983. (Doc. 8, p. 6). Section 1983 creates a cause of action based on personal liability and predicated upon fault. Therefore, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The Supreme Court has interpreted § 1983 as barring *respondeat superior* liability. *Daniel v. Cook County*, 833 F.3d 728, 733-34 (7th Cir. 2016)

(citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694-95 (1978)). In other words, these defendants are not "responsible" for the deprivation of Plaintiff's constitutional rights, simply because they employ or supervise Officer Zabor. Local governing bodies may be liable for monetary damages under § 1983, however, if the unconstitutional act was caused by an official policy, custom, or widespread practice. *Monell*, 436 U.S. at 690. In the Amended Complaint, Plaintiff points to no policy, custom, or practice attributable to one of these defendants, let alone one that the caused violation of his constitutional rights. *Id*. By all indications, the only factor at play was the individual officer's alleged malfeasance. Accordingly, Count 1 shall proceed against Officer Zabor and shall be dismissed with prejudice against all other defendants.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and shall receive further review against Defendant **ERIC ZABOR**. However, this claim is **DISMISSED** with prejudice against Defendants **NEAL ROHLFING, WATERLOO POLICE DEPARTMENT,** and **MONROE COUNTY, ILLINOIS** for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendant **ERIC ZABOR**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall

furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings. Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay

in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 19, 2018**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
