# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH DECKER, | ) |
|     Plaintiff, | ) |
| v. | )    Case No. 18-cv-1295-RJD |
| ERIC ZABER, | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

The matter is before the Court on the Motion for Summary Judgment (Doc. 35) filed by Defendant Eric Zaber.[1] For the following reasons, Defendant's motion is **GRANTED**.

### BACKGROUND

Plaintiff Joseph Decker, an inmate in the custody of the Bureau of Prisons - Greenville, filed this lawsuit pursuant to 28 U.S.C. § 1331, alleging that his constitutional rights were violated while he was incarcerated at the Monroe County Jail ("Jail"). Following threshold review, Plaintiff proceeds on the following claims:

> **Count 1:** Harassment claim arising from Officer Zaber's sexual gesture and threatening comment to Plaintiff at Monroe County Jail on March 21, 2018.

Defendant Zaber filed a motion for summary judgment arguing a crude statement does not rise to the level of a constitutional violation and that he is entitled to qualified immunity. Plaintiff filed a response arguing he felt sexually harassed by Zaber and that Zaber is not entitled to qualified immunity (Doc. 41). After viewing the video, Plaintiff filed a supplemental response (Doc. 44).

On March 21, 2018, while housed at the Monroe County Jail, Defendant Eric Zaber came

---

[1] The Clerk of Court is DIRECTED to correct the spelling of Defendant Eric Zaber's name on the docket sheet.

to Plaintiff Joseph Decker's cell, #101, to serve a federal indictment (Plaintiff's Amended Complaint, Doc. 8 at 6). After handing over the paperwork, Plaintiff alleges Defendant grabbed his "private area in a sexual nature" and said he "would be fucking me real soon" (Id.). Plaintiff alleges this statement has caused him to fear for his safety and the safety of his family and that he has nightmares, anxiety, insomnia, and panic attacks (Id.). Plaintiff alleges he has seen a doctor and therapist since the incident (Id.).

Monroe County Jail has a video surveillance system that recorded video, but not audio, of the interaction between Plaintiff and Defendant on March 21, 2018 (Doc. 36 video exhibit). A review of the video shows Defendant Zaber delivering paperwork to an inmate through the chuckhole of the cell (Id.). The conversation between Plaintiff and Defendant lasted approximately one minute (Id.). While it does not appear from the video footage that Defendant Zaber made any sort of gesture toward Plaintiff, the video is not definitive because, at times, the angle of the video blocks a view of Defendant's left arm (Id.).

Defendant Eric Zaber filed an Affidavit stating that on March 21, 2018, he served an indictment and warrant on Joseph Decker (Doc. 36-1 at 1). Defendant Zaber stated that after reviewing the paperwork, Plaintiff turned his back and remarked that he could "go fuck myself" (Id.). Defendant Zaber asked Plaintiff what he said, and he replied that he had not said anything and told Zaber he could leave (Id.). Defendant Zaber told Plaintiff that he had "fucked himself, not me" (Id.). As Zaber was walking out of his cell block, Plaintiff commented that Zaber was fucking him during the whole investigation (Id.). Defendant Zaber then told Plaintiff that his "fucking" was just getting started (Id.). Defendant Zaber attested that at no time during the conversation did he make any offensive gestures or grab his crotch (Id.). Zaber further attested

he did not laugh towards Decker (Id. at 2). Zaber attested that when he advised Decker that the "fucking was just getting started," he was referring to the effect of the criminal charges that he had brought down upon himself as a result of his conduct (Id.).

Benjamin Ettling, a corrections officer with the Monroe County Jail, and Mason Ingram, a corrections officer trainee with the Monroe County Jail, were present during the interaction between Plaintiff and Defendant on March 21, 2018 (Docs. 36-2 and 36-3). Both officers attested that after reviewing the indictment handed to him by Defendant, Plaintiff told Defendant he could "go fuck himself" and that Defendant was "fucking" him during the whole investigation" (Id.). Defendant responded that the "fucking" was just getting started (Id.). In context, Ettling and Ingram attested they understood the use of the word "fucking" to mean that the consequences of the criminal charges and the problems that Plaintiff had started were just beginning (Id.). Ettling and Ingram did not take any sexual connotation out of Defendant Zaber's comment (Id.). Ettling and Ingram attested Zaber did not make any inappropriate body or hand gestures (Id).

In addition to filing his civil rights suit, Plaintiff filed a Citizen Complaint Form with the Waterloo Police Department (Doc. 36-4). Plaintiff alleged he was sexually harassed by Defendant (Id.). Following an investigation, Plaintiff was charged with Disorderly Conduct: False Police Report (Id. at 2). Included in the narrative charging Plaintiff with filing a false report are excerpts of recorded phone conversations between Plaintiff and a third-party, Kari Trankle, from the Monroe County Jail on June 2, 2018 (Id. at 5-7). The following excerpt is taken verbatim from the narrative supplement of the Waterloo Police Report:

> Decker: Well, I filed a bunch of fucking charges or complaints on Zaber and the State's Attorney for all this illegal shit they did

Trankle: Good, good.

Decker: Then I filed….

Trankle: Yea, it's my personal vendetta to get fucking Zaber, sorry dude, I told Jessie today cause it was her brother, uhh, that he killed fifteen years ago, you know.

Decker: I put all that in my….

Trankle: So, I, um hm

Decker: So, they're going to start an investigation, well they're investigating them right now and I sent all this shit to the feds too, so….

Trankle: Yea

Decker: I'm filing a civil suit against him and they're gonna, they're looking into a criminal, criminal charge.

Trankle: Good….well he's got like five other harassment cases filed against him too my lawyer said, there's a lot filed against him.

Decker: Oh really?

Trankle: Oh yea, my lawyer said there's a whole bunch you'll find [filed under] harassment. I'm, I'm gonna do it too, but it's going to be a few months until I get out

Decker: Yep definitely, that's awesome.

Trankle: He's gone (laughing)

Decker: Yep

Trankle: Yea, the State's Attorney fucking sucks too though.

Decker: Oh yea. I filed something for him….

General conversation between Decker and Trankle.

Decker:…..Check it, the complaint, the sexual harassment complaint (laughing)

Trankle: Oh really

> Decker: He called up here, he called up here like four times trying to get the video tape of it and all this shit, he's fucking
>
> Trankle: (laughing) Oh you did the sexual harassment against him, huh (laughing), fucking awesome (laughing)
>
> Decker: [?] I have nightmares and I am afraid he's going to come in my cell and rape me.
>
> Trankle: (laughing) That's hilarious.

The aforementioned statements are only excerpts from their entire conversation on June 2, 2018. (Doc. 36-4 at 5-7).

The criminal charges filed against Plaintiff for filing a false police report in connection with this incident were eventually dismissed by the Monroe County State's Attorney by way of *nolle prosequi* (Doc. 26).

## LEGAL STANDARD

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the Court views the facts in the light most

favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Civilly committed detainees are entitled to "protection against cruel and inhumane treatment" under the Due Process Clause that is "at least as extensive as that afforded to prisoners by the Eighth Amendment." *Sain v. Wood,* 512 F.3d 886, 893 (7th Cir.2008). In *Beal v. Foster,* 803 F.3d 356, 357–58 (7th Cir. 2015), the Seventh Circuit held that verbal abuse by guards can be cruel and unusual punishment. That case involved, among other things, calling an inmate "derisive terms" like "punk, fag, sissy, and queer" and the court reasoned that the guard's behavior may have caused the plaintiff severe psychological harm and increased the likelihood of sexual assaults on the plaintiff by other inmates. *Id.* at 358. Similarly in *Hughes*, the Seventh Circuit held plaintiff's allegations stated a claim for a violation of his due process rights under the Fourteenth Amendment where the plaintiff alleged a guard berated him with an onslaught of homophobic epithets, and urged other residents "to Ram broom and/or Mop Handles in the Plaintiff['s] rectum ... because he likes it so much." *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015). The test for what constitutes "cruel and unusual punishment" is an objective one. *Dobbey v. Ill. Dep't of Corr.,* 574 F.3d 443, 445 (7th Cir. 2009). It is not the actual fear of the victim, but what a "reasonable" victim would fear. *Id*. In *Dobbey*, the Court held that a prison guard's alleged act of getting up in the middle of a card game to hang a noose in the sight of black prisoners, while other guards calmly continued the card game, could not reasonably be taken seriously as a threat and did not rise to the level of cruel and unusual punishment. *Id.*

## ANALYSIS

Defendant admits he made a "crude" statement to Plaintiff but argues it is far from being a

constitutional violation. The Court agrees. Here, the comment by Zaber – while certainly unprofessional – does not by itself rise to the level of cruel and inhumane treatment. Unlike the allegations in *Beal* and *Hughes*, Plaintiff neither alleges that Defendant engaged in a pattern of harassment nor that Defendant's comments placed Plaintiff at an increased risk of assaults by others. Rather, Plaintiff alleges that Defendant made a single comment and gesture to Plaintiff that Plaintiff took to be sexually suggestive. Even assuming Defendant made a gesture along with the crude statement, as in *Dobbey*, the Court finds it could not reasonably be taken seriously as a threat and did not rise to the level of cruel and unusual punishment. Plaintiff has failed to set forth evidence that Defendant issued such threats of grave violence as to violate the Eighth Amendment. Defendant is entitled to summary judgment.[2]

Additionally, the recorded telephone conversation between Plaintiff and Kari Trankle seems to indicate Plaintiff did not take seriously any alleged threat by Defendant and that Plaintiff's civil suit is likely frivolous, if not malicious. While the Court will not issue sanctions or a strike pursuant to 28 U.S.C. § 1915(g) at this time, Plaintiff is warned in the strongest possible terms against filing frivolous lawsuits.

## CONCLUSION

Based on the foregoing, the Motion for Summary Judgment filed by Defendant (Doc. 35) is **GRANTED**. The Clerk shall enter judgment in favor of Defendant and against Plaintiff. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

---

[2] Defendant also asserts that he is entitled to qualified immunity on Plaintiff's claims. Because the Court has concluded that the evidence does not create a genuine issue of material fact as to whether Defendant violated Plaintiff's Eighth Amendment rights, it will not address the issue of qualified immunity.

**DATED:** April 13, 2020

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**